UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ERIN H.,

           Plaintiff,

   v.

COMMISSIONER OF SOCIAL SECURITY,

           Defendant.

Case No. C22-5933-MLP

ORDER

## I.   INTRODUCTION

Plaintiff seeks review of the denial of her applications for Supplemental Security Income and Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred by: (1) failing to account for a cognitive limitation identified in a medical opinion found persuasive; and (2) failing to develop the record, because it contained ambiguities and/or was insufficient as to Plaintiff's mental limitations. (Dkt. # 10 at 1.) As discussed below, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.

## II.   BACKGROUND

Plaintiff was born in 1990, has two years of college education and training as a medical and nursing assistant, and has worked as a seasonal retail clerk, nursing assistant, and

ORDER - 1

phlebotomist. AR at 45-47, 335. Plaintiff was last gainfully employed in February 2021. *Id.* at 46-47.

In November 2019, Plaintiff applied for benefits, alleging disability as of July 18, 2015. AR at 108-09, 291-94. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* at 163-69, 172-79. After the ALJ conducted a hearing in March 2021 (*id.* at 37-60), the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 139-52.

The Appeals Council granted Plaintiff's request for review and remanded the case for further administrative proceedings. AR at 157-62. The ALJ held a hearing in January 2022 (*id.* at 61-87), and subsequently issued a decision finding Plaintiff not disabled. *Id*. at 15-31. The Appeals Council denied Plaintiff's request for review of this decision, and the ALJ's decision is therefore the Commissioner's final decision. *Id*. at 1-6. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 4.)

### III.    LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th

ORDER - 2

Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV. DISCUSSION

### A. The ALJ Did Not Err in Assessing Plaintiff's Cognitive Limitations

Residual functional capacity ("RFC") is the most a claimant can do despite his or her limitations and is assessed based on all relevant evidence in the record. *See* 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). An RFC must include all of the claimant's functional limitations supported by the record. *See Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009).

Plaintiff contends that the ALJ erred in purporting to find a State agency opinion persuasive, but failing to fully account for all of the limitations listed there in the RFC assessment. (Dkt. # 10 at 4-6.) Specifically, Plaintiff notes that the ALJ found persuasive (AR at 28) the initial opinion of State agency psychological consultant Matthew Comrie, Psy.D., that Plaintiff was limited to carrying out "simple instructions," yet the ALJ found Plaintiff limited to "simple, routine tasks." *Compare id*. at 104 *with id*. at 20.

The ALJ's RFC assessment is not inconsistent with Dr. Comrie's opinion. A restriction to completing simple, routine tasks is consistent with a limitation to carrying out simple instructions because the complexity of a task depends upon the complexity of the instructions that must be carried out in order to complete it. *See, e.g.*, *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174

ORDER - 3

(9th Cir. 2008) (finding a restriction to "simple tasks" is consistent with an opinion indicating claimant has the ability to "carry out very short simple instructions"). Although Plaintiff posits that a person who has limitations in following instructions may not have a similar limitation in carrying out tasks (dkt. # 10 at 4-5), this interpretation is unreasonable, particularly when Dr. Comrie's opinion is read as a whole. Dr. Comrie opined:

> The claimant retains the capacity to carry out simple instructions, maintain [concentration, persistence, and pace] for up to 2-hours continuously, maintain adequate attendance, and complete a normal workday/workweek within normal tolerances of a competitive workplace. However, the claimant would not be able to carry out tasks that are more detailed than this on a consistent and regular basis.

AR at 104. Dr. Comrie uses "instructions" and "tasks" interchangeably, which undercuts Plaintiff's argument that Dr. Comrie intended to address Plaintiff's "ability to process 'instructions' separately [from] her capacity to carry out 'tasks.'" (Dkt. # 10 at 5.) Because the ALJ's RFC assessment is consistent with Dr. Comrie's opinion, which she found persuasive, Plaintiff has failed to show that the ALJ erred in assessing Plaintiff's RFC in this respect. *See Turner v. Comm'r of Soc. Sec. Admin.*, 613 F.3d 1217, 1222-23 (9th Cir. 2010) (explaining that an ALJ may incorporate the opinions of a physician by assessing RFC limitations entirely consistent with (but not identical to) the limitations assessed by the physician).

### B. The ALJ Did Not Err in Assessing Plaintiff's Social Limitations and the Duty to Develop the Record was Not Triggered

When describing Plaintiff's RFC, the State agency consultants agreed, at the initial and reconsideration levels, that Plaintiff was limited to occasional public and co-worker interaction, but could interact with supervisors more frequently. *See* AR at 104, 132. But in an earlier part of the State agency opinion, addressing the psychiatric review technique ("PRT") applicable at steps two and three, the psychological consultant on reconsideration, Rita Flanagan, Ph.D.,

ORDER - 4

explained that Plaintiff's cognitive limitations were mild and her social limitations were moderate:

> Opinion for [simple, routine tasks], no public is partially adopted. Objective findings more [consistent with simple, routine tasks], some detailed tasks and no public contact. Change in assessment due to [claimant] showing no cognitive deficits, rather is distracted by her psychological symptoms w/breaks in concentration. See [Mental RFC] in file.

*Id*. at 129. The ALJ agreed at step three that Plaintiff's cognitive limitations were mild and her social limitations were moderate (*id*. at 19), and also found that the social limitations described in the RFC sections of the State agency opinions were persuasive. *Id*. at 19, 28.

Plaintiff argues that Dr. Flanagan's opinion is internally inconsistent because it finds that Plaintiff has both a restriction on public contact and the ability to tolerate occasional public contact. (Dkt. # 10 at 11.) This argument overlooks two crucial facts. First, Dr. Flanagan's findings related to the PRT are relevant to findings at steps two and three and are not intended to be used for determining an RFC. *See, e.g.*, Social Security Ruling 96-8p, 1996 WL 374184, at *4 (Jul. 2, 1996) (addressing the distinction between the severity ratings relevant to the PRT and the "more detailed assessment" involved in determining RFC).

Second, it appears that in her PRT explanation, Dr. Flanagan intended to reference Dr. Comrie's initial opinion but misstated its content. *See* AR at 104, 126, 129. She described Dr. Comrie's opinion as indicating no public contact, when in fact he found Plaintiff capable of tolerating occasional public interaction. *Id*. In any event, Dr. Flanagan's PRT explanation references the subsequent RFC findings, which unambiguously find Plaintiff capable of tolerating occasional public interaction. *See id*. at 129. The ALJ reasonably looked to the RFC portion of the State agency opinions when crafting her RFC assessment, and Plaintiff has not shown that Dr. Flanagan's PRT findings constitute an ambiguity triggering the ALJ's duty to

ORDER - 5

further develop the record. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) ("Ambiguous evidence, or the ALJ's own finding that the record is inadequate to allow for proper evaluation of the evidence, triggers the ALJ's duty to 'conduct an appropriate inquiry.'").

Plaintiff goes on to argue that the ALJ should have granted her request for a consultative psychological examination because the four medical opinions that the ALJ considered "demonstrate vast differences with respect to [Plaintiff's] functional capacity." (Dkt. # 10 at 13.) That the evidence contains conflicts does not suggest that the ALJ was required to further develop the record because the ALJ is responsible for resolving the conflicts in the record. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014) ("[W]e leave it to the ALJ to determine credibility, resolve conflicts in the testimony, and resolve ambiguities in the record."). The ALJ explained how she resolved the conflicts in the opinion evidence (AR at 27-29), and Plaintiff has not grappled with that reasoning or shown that it is erroneous. (*See* dkt. # 10 at 13-17.) Although Plaintiff continues to assert that the ALJ should have granted her request for a consultative examination (*id*. at 14-17), she has not established that the ALJ erred in finding that the record before her was adequate to permit a decision. *See* AR at 15-16.

## V.   CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED**, and this case is **DISMISSED** with prejudice.

Dated this 27th day of April, 2023.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 6